**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**Civil Action No. 3:26-cv-00471**

| | |
|---|---|
| **3 Ventures, LLC and MJT Ventures LLC, individually and derivatively on behalf of Spice Tapas LLC**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**Nana Atakora, Baffour Atakora, and 1221 Hospitality LLC,**<br><br>**Defendants,**<br><br>**v.**<br><br>**Spice Tapas LLC,**<br><br>**Nominal Defendant** | **<u>Motion to Dismiss</u>** |

Defendants Nana Atakora, Baffour Atakora, and 1221 Hospitality LLC (collectively "Defendants"), by and through the undersigned counsel and pursuant to Rules 12(b)(6) and 23.1, move the Court to dismiss Plaintiffs' Complaint and pursuant to Rule 39(a)(2) to strike Plaintiffs' jury demand as to claims within the Parties' contractual jury waiver. In support of this Motion, Defendants state as follows:

1. Federal jurisdiction rests solely on the two Lanham Act causes of action (Second and Third Individual Claims), 15 U.S.C. § 1125(a), and both fail to state a claim.

    a. Plaintiffs do not own the "Spice" mark: the Membership Interest Purchase Agreements ("MPAs") conveyed only a minority membership interest, and the Operating Agreement titles all company property,

including the mark, in Spice Tapas LLC ("Spice"). The mark belonged to Spice and was not Nana Atakora's property to convey individually.

b. Alternatively, if Plaintiffs' construction of the MPAs §§ 1.4 is accepted and Nana personally conveyed fractional interests in the mark, Nana retained the balance and thus cannot infringe a jointly owned mark; 1221 Hospitality likewise cannot be liable for use authorized by a co-owner of the mark at issue.

c. Plaintiffs also allege no injury to their own commercial sales or reputation, fail plausibly to plead a protectable unregistered mark, and plead no separate false-advertising claim under § 1125(a)(1)(B).

d. Plaintiffs fall outside the Lanham Act's zone of interests and cannot satisfy the proximate-cause requirement because, as passive minority members who operate no business under the mark, they allege only an injury derivative of the company's goodwill. This defeats both Lanham Act claims regardless of who owns the mark.

e. The false-advertising and false-association theory additionally fails because the asserted affiliation is true. 1221 Hospitality owns and operates the Atlanta restaurant and is Spice's majority member, and the remaining representations are non-actionable puffery; any common-law mark is in any event geographically limited to Charlotte.

2. If the federal claims are dismissed, Defendants respectfully request that the Court decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) and thus dismiss the state law claims.

3. If the Court retains supplemental jurisdiction, Defendants respectfully request that the remaining state-law claims be dismissed or narrowed for the following reasons:

4. Plaintiffs' derivative claims fail because the Complaint is not verified as required by Rule 23.1(b)

5. Plaintiffs' First Derivative Cause of Action , for Declaratory Judgment, should be dismissed because pleaded as a direct claim when the rights belong to and alleged injury would have been suffered Sp itice Tapas as an LLC. Plaintiffs' allegations establish that any rights in the Spice name, marks, and associated goodwill belong to Spice Tapas, not to Plaintiffs individually. Any unauthorized use therefore injured Spice, and any claim seeking to enforce those rights belongs exclusively to Spice. Plaintiffs cannot convert that entity-level injury into a direct claim based merely on their membership interests. Nor may Plaintiffs proceed derivatively; none of their pre-suit demands requested that Spice investigate or pursue trademark infringement, false designation of origin, or misuse of Spice's name, marks, or goodwill. Plaintiffs' First Derivative Cause of Action is plead solely as a direct claim and therefore cannot survive a motion to dismiss.

6. Plaintiffs' Second Derivative Cause of Action, for Violation of § 57D-3-04, should be dismissed because N.C. Gen. Stat. § 57D-3-04 confers a right on an individual member that cannot be asserted derivatively

7. Plaintiffs' Third Derivative Cause of Action, for Breach of Fiduciary Duty, fails as to 1221 Hospitality because 1221 Hospitality owed no fiduciary duty to Spice.

8. Plaintiffs' Fourth Derivative Cause of Action, for Civil Conspiracy, is barred by the intra-corporate immunity doctrine.

9. Plaintiffs' Fifth Derivative Cause of Action, for Conversion, fails against the Atakoras as to the alleged salary payments and fails entirely against 1221 Hospitality.

10. Plaintiffs' Sixth Derivative Cause of Action, for Embezzlement, fails against 1221 Hospitality because Plaintiffs do not allege embezzlement by 1221 Hospitality

11. Plaintiffs' First Individual Claim, for Breach of the Operating Agreement against 1221 Hospitality, should be dismissed or narrowed because it conflates 1) injury to Spice, 2) duties imposed on Managers, and 3) alleged transfer violations causing no identifiable loss.

12. Plaintiffs' Fourth Individual Claim, for Unjust Enrichment, fails because:

a. Plaintiff conferred no benefit on Defendants,

b. Any enrichment from the alleged use of Spice's assets occurred at Spice's expense, and

c. The existence of the Membership Interest Purchase Agreements contracts means the Court will not impose an implied contract claim against Nana regarding the same rights.

1) Plaintiffs' Fifth Individual Claim, for Trademark Infringement and Unfair Competition under North Carolina Common Law, fails because:

a. The underlying infringement claims fail,

b. The injury alleged actually belongs to Spice so should have been brought derivatively, and

c. Because Plaintiffs allege no concrete connection between the challenged conduct and North Carolina commerce.

2) Plaintiffs' Sixth Individual Claim, for Unfair and Deceptive Trade Practices under N.C. Gen. Stat. § 75-1.1 fails because:

a. The underlying infringement claims fail,

b. The alleged injury belongs to Spice and should have been brought derivatively, and

c. Because Plaintiffs allege no concrete connection between the challenged conduct and North Carolina commerce.

3) Plaintiffs' Seventh Individual Claim, for Breach of Contract against Nana Atakora, fails because:

a. The MPAs conveyed membership interests rather than Spice's intellectual property,

b. Warranted title only to those membership interests, and

c. Imposed no continuing restriction on Nana's use of the Spice name.

4) Defendants respectfully request that the Court strike Plaintiffs' jury demand as to the claims arising under or relating to the Membership Interest Purchase Agreements, which contain an express jury-trial waiver.

For the reasons stated herein and in their accompanying Memorandum, Defendants respectfully request that the Court dismiss Plaintiffs' Complaint in its entirety and strike Plaintiffs' jury demand as to the contract-based claims.

This the 21st day of August, 2026,

**Hull & Chandler**

/s/ Elizabeth Vennum
Elizabeth Vennum
NC State Bar No 49747
Hull & Chandler
1009 East Boulevard
Charlotte, NC 28203
Tel: (704) 375-8488
Fax: (704) 375-8487
lvennum@lawyercarolina.com

**Certificate of Service**

The undersigned hereby certifies that a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send notification to the following:

Patrick Spaugh
Philip Mayer
Womble Bond Dickinson LLP
301 South College Street, Suite 3500
Charlotte, NC 28202
Patrick.spaugh@wbd.us-com
phil.mayer@wbd-us.com

This the 21st day of August, 2026,

/s/ Elizabeth Vennum
Elizabeth Vennum
NC State Bar No 49747
Hull & Chandler
1009 East Boulevard
Charlotte, NC 28203
Tel: (704) 375-8488
Fax: (704) 375-8487
lvennum@lawyercarolina.com