**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Civil Action No. 3:26-cv-00471-MOC-DCK**

| | |
|---|---|
| 3 VENTURES, LLC and MJT Ventures LLC, individually and derivatively on behalf of Spice Tapas LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NANA ATAKORA, BAFFOUR ATAKORA, and 1221 Hospitality LLC,<br><br>Defendants,<br><br>v.<br><br>SPICE TAPAS LLC,<br><br>Nominal Defendant. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND COMPLAINT** |

Under Rule 15(a)(1)(B), Plaintiffs can amend the complaint as of right within 21 days after service of a motion to dismiss. Here, that would have been by September 11, 2026. Unfortunately, Plaintiffs could not assert its new derivative claims until September 14, 2026, which is when the 90-day period under N.C. Gen. Stat. § 57D-8-01(a)(2)(ii) expired after Plaintiffs issued their derivative demand on June 16, 2026. Thus, because they had to wait to satisfy North Carolina's statutory requirements for a derivative action, Plaintiffs missed the window in which to file an amended complaint as of right by seven days.

Thankfully, Rule 15(a)(2) provides that the "Court should freely give leave when justice so requires." Because this is such a case, Plaintiffs respectfully request that the Court grant their Motion to Amend Complaint.

## STANDARD

The standard for amendment under Rule 15 is a liberal standard. *Cook v. Howard*, 484 F. App'x 805, 814 (4th Cir. 2012) ("Rule 15(a)(2) articulates a relatively liberal amendment policy …."); *Wall v. Fruehauf Trailer Servs., Inc.*, 123 F. App'x 572, 576 (4th Cir. 2005) (noting that "leave to amend is a liberal standard"). Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corporation v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001)).

## ARGUMENT

Plaintiffs have acted diligently and the proposed Amended Complaint would not be prejudicial. Indeed, the proposed Amended Complaint was filed on September 18, 2026, when the earliest it could have been filed under N.C. Gen. Stat. § 57D-8-01(a)(2)(ii) was September 14, 2026. Moreover, the diligence is reflected by the fact that Plaintiffs filed the proposed Amended Complaint only seven days after the expiration of their ability to amend the complaint as of right under Rule 15(a)(1).

Far from futile, the proposed Amended Complaint remedies many of the challenges raised in Defendants' Motion to Dismiss. As an example, the primary thrust of Defendants' arguments with respect to the intellectual property infringement claims was that they should have been asserted as derivative claims on Spice's behalf rather than as direct claims. That issue is resolved under the proposed Amended Complaint, which now asserts those claims as derivative due to the expiration of the waiting period after issuing the derivative demand on June 16, 2026. Thus, allowing the proposed Amended Complaint will moot the pending motion to dismiss, resolve many arguments raised therein, and will preserve the Court's resources in the process.

Finally, the proposed Amended Complaint is made in good faith and there is no evidence to the contrary.

In sum, this is the exact case in which leave should be freely granted.

**CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court grant the Motion to Amend Complaint and allow them to file the proposed Amended Complaint.

This the 18th day of September 2026.

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Patrick Grayson Spaugh
Patrick Grayson Spaugh (N.C. Bar No. 49532)
Philip Mayer (N.C. Bar No. 52288)
301 South College Street, Suite 3500
Charlotte, North Carolina 28202-6037
Telephone: (704) 331-4996
Facsimile: (704) 338-7854
Email: Patrick.Spaugh@wbd-us.com

*Attorney for Plaintiffs*